FILED
CLERK. U S. DISTRICT COURT

23 SEP 02 PM 4: 12

DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

RODNEY R. PARKER (A4110)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

*Attorneys for Defendants Pierre and Sonia Falcone*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| A. CHESTER CONSULTING, a foreign corporation; ARTHUR CHESTER, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>ESSANTE CORPORATION, a Utah corporation; PIERRE FALCONE, an individual; SONIA FALCONE, an individual; MIKE AUSTIN, an individual; JOHN DOES 1-10,<br><br>    Defendants. | **PETITION FOR REMOVAL**<br><br>No. _2 02CV-1054_<br><br><br>PGC |

Petitioners Pierre and Sonia Falcone allege:

1.      Petitioner are the defendants in this civil action brought against them in the Third

Judicial District Court of Salt Lake County, State of Utah, entitled *A Chester Consulting, et at,*

*Plaintiffs, v. Essante Corporation, et al., Defendants*, No. 020907635.  Copies of the summons

and complaint served on Petitioners are attached to this petition for removal.

2.      All defendants who have been served with process have consented to this petition and to removal of the case to this court.

3.      At the time this action was commenced and on the date of this petition for removal, movants are informed and believe that, notwithstanding the allegations of plaintiffs' Verified Complaint, the plaintiffs are citizens and residents of Canada.  Defendant Essante Corporation is a resident of the State of Utah; defendant Pierre Falcone is a resident of France; defendant Sonia Falcone is a resident of the State of Arizona; and defendant Mike Austin is a resident of the State of Arizona.

4.      This action is one of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one that may be removed to this Court under 28 U.S.C. § 1441, because it is a civil action in which the plaintiff and the defendant are citizens of different states and in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Petitioner prays that this action be removed from the Third Judicial District Court of Salt Lake County, State of Utah, to the United States District Court for the District of Utah, Central Division.

DATED this **23** day of September, 2002.

SNOW, CHRISTENSEN & MARTINEAU

By _____
Rodney R. Parker
Attorneys for Defendants Falcone

STATE OF UTAH         )
                            : ss.
COUNTY OF SALT LAKE  )

     Rodney R. Parker, being duly sworn, deposes and says that he is one of the attorneys for defendants Pierre and Sonia Falcone, that he has read the foregoing Petition for Removal and knows the contents thereof; and that the same are true to the best of his knowledge.

     SUBSCRIBED AND SWORN TO before me this _13th_ day of September, 2002.

NOTARY PUBLIC
Residing at: _Salt Lake County, Utah_

My Commission Expires:

NOTARY PUBLIC
MARILYN L. JONES
10 Exchange Place #1100
Salt Lake City, Utah 84111
My Commission Expires
September 25, 2002
STATE OF UTAH

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PETITION FOR REMOVAL was served by U.S. Mail on September 23, 2002 as follows:

JOSEPH R GOODMAN JR.
NELSON SNUFFER DAHLE POULSEN
10885 SOUTH STATE STREET
SANDY UT 84070

**FILED**
CLERK, U.S. DISTRICT COURT

**23 SEP 02 PM 4: 13**

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

RODNEY R. PARKER (A4110)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

*Attorneys for Defendants Pierre and Sonia Falcone*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| A. CHESTER CONSULTING, a foreign corporation; ARTHUR CHESTER, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ESSANTE CORPORATION, a Utah corporation; PIERRE FALCONE, an individual; SONIA FALCONE, an individual; MIKE AUSTIN, an individual; JOHN DOES 1-10, <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br> No. 020907635 <br><br> Judge Sandra N. Peuler <br><br> 2 02CV - 1054 <br><br> PGC |

PLEASE TAKE NOTICE that on the 23rd day of September, 2002, defendants Pierre and Sonia Falcone filed a petition for removal of the above-entitled case filed in the Third Judicial District Court of Salt Lake County, State of Utah, to the United States District Court for the District of Utah, Central Division.

You are also advised that defendants Pierre and Sonia Falcone has filed a copy of the petition with the clerk of the Third Judicial District Court of Salt Lake County, State of Utah, which has effected this removal in accordance with 28 U.S.C. § 1446(e).

DATED this 23 day of September, 2002.

SNOW, CHRISTENSEN & MARTINEAU

By_____
     Rodney R. Parker
     Attorneys for Defendants Falcone

N:\RRP\FALCONE\NOTICE OF REMOVAL.DOC:9/23/02

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was served by U.S. Mail on September 23, 2002 as follows:

JOSEPH R GOODMAN JR.
NELSON SNUFFER DAHLE POULSEN
10885 SOUTH STATE STREET
SANDY UT 84070

Joseph R. Goodman, Jr. (7864)
NELSON, SNUFFER,
DAHLE & POULSEN, P.C.
Attorney for Petitioner
10885 South State Street
Sandy, UT 84070
Telephone: (801) 576-1400

Attorneys for Petitioner

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| A. CHESTER CONSULTING, a foreign corporation; ARTHUR CHESTER, an individual, | SUMMONS |
| Plaintiff, | |
| v. | |
| ESSANTE CORPORATION, a Utah corporation; PIERRE FALCONE, an individual; SONIA FALCONE, an individual; MIKE AUSTIN, an individual; JOHN DOES 1-10, | Civil No. 020907635<br><br>Judge Sandra Peuler |
| Defendants. | |

---

TO THE ABOVE-NAMED RESPONDENT:     Sonia Falcone

You are hereby summoned and required to file an Answer in writing to the attached

VERIFIED COMPLAINT with the Clerk of the above-entitled Court, 450 South State Street, Salt

Lake City, UT 84111, and to serve upon or mail to Joseph R. Goodman, Jr. at NELSON,

SNUFFER, DAHLE & POULSEN, P.C., a copy of said Answer within thirty (30) days after

service of this Summons upon you.

If you fail so to do, judgment by default will be taken against you for the relief demanded in said VERIFIED COMPLAINT, which has been filed with the Clerk of said Court, a copy of which is hereto annexed and herewith served upon you.

DATED this 16th day of August, 2002.

NELSON, SNUFFER, DAHLE & POULSEN, P.C.

Joseph R. Goodman, Jr.
Attorneys for Petitioner

Serve Defendant at:

c/o Steven C. Polgar
7401 Easy Street, Suite F
Carefree, AZ  85377-3365

-2-

Joseph R. Goodman, Jr. (7864)
NELSON, SNUFFER,
DAHLE & POULSEN, P.C.
Attorney for Petitioner
10885 South State Street
Sandy, UT 84070
Telephone: (801) 576-1400

Attorneys for Petitioner

---

IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

A. CHESTER CONSULTING, a foreign
corporation; ARTHUR CHESTER,
an individual,

     Plaintiff,

v.

ESSANTE CORPORATION, a Utah
corporation; PIERRE FALCONE, an individual;
SONIA FALCONE, an individual; MIKE
AUSTIN, an individual; JOHN DOES 1-10,

     Defendants.

ACCEPTANCE OF SERVICE

Civil No. 020907635

Judge Sandra Peuler

---

COMES NOW the Defendant Sonia Falcone, by and through her attorney, Steven C. Polgar

and the Law Offices of Steven Polgar, and hereby accepts service of the Summons and Verified

Complaint in the above-entitled action, but reserves the right to Answer or otherwise plead to said

Verified Complaint within the time period stated in the Summons.

DATED this _22nd_ day of _August_, 2002.

_Steven C. Polgar_
Steven C. Polgar
Attorney for Defendant Pierre Falcone

Joseph R. Goodman, Jr. (7864)
NELSON, SNUFFER,
DAHLE & POULSEN, P.C.
Attorney for Petitioner
10885 South State Street
Sandy, UT 84070
Telephone: (801) 576-1400

Attorneys for Petitioner

_____

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

_____

| | |
|---|---|
| A. CHESTER CONSULTING, a foreign corporation; ARTHUR CHESTER, an individual, | **ACCEPTANCE OF SERVICE** |
| Plaintiff, | |
| v. | |
| ESSANTE CORPORATION, a Utah corporation; PIERRE FALCONE, an individual; SONIA FALCONE, an individual; MIKE AUSTIN, an individual; JOHN DOES 1-10, | Civil No. 020907635<br><br>Judge Sandra Peuler |
| Defendants. | |

_____

COMES NOW the Defendant Pierre Falcone, by and through his attorney, Steven C. Polgar

and the Law Offices of Steven Polgar, and hereby accepts service of the Summons and Verified

Complaint in the above-entitled action, but reserves the right to Answer or otherwise plead to said

Verified Complaint within the time period stated in the Summons.

DATED this 22nd day of _____August_____, 2002.

_____
Steven C. Polgar
Attorney for Defendant Pierre Falcone

Joseph R. Goodman, Jr. (7864)
NELSON, SNUFFER,
DAHLE & POULSEN, P.C.
Attorney for Petitioner
10885 South State Street
Sandy, UT 84070
Telephone: (801) 576-1400

Attorneys for Petitioner

_____

IN THE THIRD JUDICIAL DISTRICT COURT

IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

_____

| | |
|---|---|
| A. CHESTER CONSULTING, a foreign corporation; ARTHUR CHESTER, an individual, | SUMMONS |
| Plaintiff, | |
| v. | |
| ESSANTE CORPORATION, a Utah corporation; PIERRE FALCONE, an individual; SONIA FALCONE, an individual; MIKE AUSTIN, an individual; JOHN DOES 1-10, | Civil No. 020907635 Judge Sandra Peuler |
| Defendants. | |

_____

TO THE ABOVE-NAMED RESPONDENT:      Pierre Falcone

You are hereby summoned and required to file an Answer in writing to the attached

VERIFIED COMPLAINT with the Clerk of the above-entitled Court, 450 South State Street, Salt

Lake City, UT  84111, and to serve upon or mail to Joseph R. Goodman, Jr. at NELSON,

SNUFFER, DAHLE & POULSEN, P.C., a copy of said Answer within thirty (30) days after

service of this Summons upon you.

If you fail so to do, judgment by default will be taken against you for the relief demanded in said VERIFIED COMPLAINT, which has been filed with the Clerk of said Court, a copy of which is hereto annexed and herewith served upon you.

DATED this 16th day of August, 2002.

NELSON, SNUFFER, DAHLE & POULSEN, P.C.

Joseph R. Goodman, Jr.
Attorneys for Petitioner

Serve Defendant at:

c/o Steven C. Polgar
7401 Easy Street, Suite F
Carefree, AZ  85377-3365

-2-

Joseph R. Goodman, Jr. (7864)
NELSON, SNUFFER,
DAHLE & POULSEN, P.C.
Attorney for Petitioner
10885 South State Street
Sandy, UT 84070
Telephone: (801) 576-1400

Attorneys for Petitioner

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| A. CHESTER CONSULTING, a foreign corporation; ARTHUR CHESTER, an individual, | **VERIFIED COMPLAINT** |
| Plaintiff, | Civil No. 020907635 |
| v. | Judge Sandra Peuler |
| ESSANTE CORPORATION, a Utah corporation; PIERRE FALCONE, an individual; SONIA FALCONE, an individual; MIKE AUSTIN, an individual; JOHN DOES 1-10, | |
| Defendants. | |

---

COMES NOW, the above-captioned Plaintiffs, by and through counsel of record, Joseph

R. Goodman, Jr., who hereby alleges and complains of Defendants as follows:

### JURISDICTION

1.    A. Chester Consulting (hereinafter referred to as "**Chester**"), is a corporation incorporated

under the laws of the Province of Ontario, Canada and having its principle place of business in Salt Lake County, State of Utah.

2. Arthur Chester is the sole owner and shareholder of Chester. Arthur Chester is a resident of Salt Lake County, State of Utah.

3. Essante Corporation (hereinafter referred to as **"Essante"**) is a Utah corporation, with its principle place of business in Salt Lake County, State of Utah.

4. Pierre Falcone is, on information and belief, a French foreign national. Pierre Falcone has substantial ties to the United States, and does make a residence in Paradise Valley, Arizona. In addition, pursuant to an agreement signed by Pierre Falcone on August 30, 1999, he did submit to the jurisdiction of this Court.

5. Sonia Falcone is a resident of the State of Arizona. Sonia Falcone is the president of Essante, a Utah corporation. Sonia Falcone has substantial ties to Utah, and the acts complained of herein are related to her activities with a Utah corporation and a resident of the State of Utah.

6. Mike Austin is a resident of the State of Arizona. Mike Ausin, upon information and belief, has substantial ties to Sonia Falcone and Essante.

7. John Does 1 through 10 are individuals who, upon information and belief, are responsible for the publishing of defamatory and libelous statements on the "internet." Upon information and belief, they acted pursuant to the guidance of Essante and its principles, or are agents of Essante.

8. Venue and jurisdiction are proper in Salt Lake County, State of Utah, in that the acts alleges herein took place within the State of Utah, and the underlying contract entered into by the parties contains a forum selection clause setting forth that the "Agreement shall be governed by and construed in accordance with the laws of the State of Utah....and each of the parties hereto agrees irrevocably to conform to the non-exclusive jurisdiction of the Courts of such jurisdiction [Utah]."

9. This Court has subject matter jurisdiction over this lawsuit pursuant to Utah Code Annotated § 78-3-4(1). Venue of this claim is properly in this Court pursuant to Utah Code Annotated § 78-13-7.

## BRIEF STATEMENT OF FACTS

10. Chester is a corporation which provides consulting services and guidance to various network marketing corporations. The sole employee of Chester is Arthur Chester.

11. In 1999, Chester was approached by Essante and Pierre Falcone to assume a consulting role with Essante, consisting of "managerial services, advising on production, distribution, sales and promotion, labour negotiations, contract negotiations, financial services, and such other consulting services as the Corporation [Essante] and the Consultant [Chester] may from time to time agree upon, (the "Services") and the Consultant hereby agrees to provide such Services to the Corporation." (See "Agreement," article 1.1, attached hereto as Exhibit "A.")

12. Prior to the drafting and execution of the Agreement (Exhibit "A"), Chester and Pierre

-3-

Falcone entered into a period of negotiations.  These negotiations included Pierre Falcone

flying Arthur Chester to meet with him personally in Florida.  On or about March 8, 1999,

Arthur Chester and Pierre Falcone entered into a "Letter of Intent."  In relevant part, this

Letter set forth as follows:

    a.    A fifty thousand dollar ($50,000.00) signing bonus.

    b.    A yearly salary of one hundred eighty five thousand dollars ($185,000.00).

    c.    Severance of $200,000.00 plus 1% of wholesale [sales] for three years to be

        personally guaranteed by partners.

    d.    Pierre Falcone was not to have a personal guarantee on 1% bonus.

(See "Letter of Intent," attached hereto as Exhibit "B.")

13.    Subsequent to the Letter of Intent, the formal Agreement was drafted, approved by the

parties, and signed by Arthur Chester, Sonia Falcone on behalf of Essante, and by Pierre

Falcone personally, and in conformance with the Letter of Intent previously signed by

Pierre Falcone.  (Exhibit "A.")

14.    In relevant part, the Agreement sets forth as follows:

    a.    Article 1.2 sets forth the term of the Agreement as one year, subject to extensions

        by mutual written agreement thereafter, and if no such agreement is drafted, the

        term is automatically renewed for an additional one (1) year term.

    b.    Article 1.5 sets forth a salary of $185,000.00 and the signing bonus of $50,000.00.

    c.    Article 1.6 sets forth the bonus of 1% of wholesale sales.

-4-

    d.    Article 3.2 sets forth a non-competition provision, applicable only if Chester were to receive in excess of $25,000.00 per month for the term of the non-competition.

    e.    Article 4.2 sets forth "in the event that either party terminates this Agreement or that the same is not renewed, then the Corporation shall immediately pay to the Consultant a fee in the amount of Two Hundred Thousand Dollars ($200,000.00) of lawful money of the United States of America plus for the next three (3) years an amount equal to one per cent (1%) of the wholesale sales less discounts, returns and sales tax (if any) of the last year that the Consultant was employed. This provision shall be guaranteed to the Consultant by the Corporation. The the (sp.) principal of the Corporation, namely Pierre J. Falcone, *shall personally guarantee the $200,000.00 cash payment to the Consultant at the time of any termination of this Agreement.*"

(Exhibit "A.")

15.    Chester believed that the Agreement was equitable, and in reliance upon the terms set forth therein and the severance package offered by Pierre Falcone and Essante, did sale his business in Canada and relocate to the United States.

16.    As a foreign national, Arthur Chester worked in the United States on a work visa. In order to get this authorization for employment, Essante was required to reaffirm Chester's employment on a yearly basis. On March 15, 2000, March 15, 2001, and March 18, 2002, Essante, by and through its president Sonia Falcone, mailed to Chester letters

confirming his employment status with the Corporation. In relevant part, the March 18, 2002 letter set forth:

As agreed we will require you to work from our corporate head office located in Salt Lake City, Utah. Essante will cover all relocation fees. Our agreed consulting fee will be Fifteen Thousand Four-hundred-Sixteen US dollars monthly plus expenses for a period of one year with the option to renew this agreement; 60 days prior to expiry, for an additional year. The term of this agreement will be from April 1, 2002 to April 2003.

(See "Letters," attached hereto as Exhibit "C.")

17. By the understanding of the parties thereto, these Letters evidenced the extension of the Agreement, and thereby Chester's entitlement to a severance package upon his termination.

18. In November, 2001, Chester received from counsel for Essante and Pierre Falcone, an amended agreement. In relevant part, this Agreement sets forth:

**AND WHEREAS** the parties wish to amend and restate the Original Agreement as set forth herein, to become effective on the date the Corporation receives a loan of One Million Dollars ($1,000,000.00) from its majority shareholders or their affiliates (the "Funding").

(See "Amended Agreement," attached hereto as Exhibit "D.")

19. The purpose of this Amended Agreement was to relieve Pierre Falcone of personal liability to Chester. (Exhibit "D," article 6.16)

20. This Amended Agreement was never accepted by the parties. On December 14, 2001, Chester faxed to Sonia Falcone, President of Essante, notice that he had rejected the Amended Agreement. (See "Letter dated December 14, 2001," attached hereto as Exhibit "E.")

21. On December 14, 2001, Chester faxed a second notice of revocation of the Amended

Agreement to counsel for Essante. In this document, Chester states that the "agreement entered into in 1999 is the continued current agreement in full force and effect." (See "Letter dated December 14, 2001," attached hereto as Exhibit "F.")

22. Essante and Pierre Falcone never responded to these documents and never denied that the 1999 Agreement was still binding upon the parties. Chester relied upon this failure of Essante and Pierre Falcone to respond to these statements. He continued to work for Essante, under the reasonable belief that the 1999 Agreement was still in effect.

23. On or about June 3, 2002, Chester received a letter of termination from Sonia Falcone, setting forth that Chester would be relieved of his duties with Essante as a result of a "financial crisis" being faced by Essante. In this letter, Sonia Falcone disputed Essante's obligation to pay Chester the severance package which it was owed. (See "June 3, 2002 Letter," attached hereto as Exhibit "G.")

24. Essante barred Chester from their offices immediately, and Chester's termination was effective as of June 3, 2002. Essante failed to tender any additional monies to Chester beyond the wages to which it was entitled for actual work performed through the date of termination, June 15, 2002.

25. In addition, Essante had tendered three (3) checks to Chester as payment to Chester for services rendered under the Agreement. The three checks are identified as follows:

a. Check #10171, issued May 23, 2002 in the amount of $7,708.33.

b. Check #10220, issued May 31, 2002 in the amount of $7,708.33.

-7-

    c.    Check #10226, issued June 10, 2002 in the amount of $7,708.33.

(See "Checks," attached hereto as Exhibit "H.")

26.    Essante had insufficient funds to honor the checks at the time they were tendered, and has failed to deposit the necessary monies into the account to honor these checks.

27.    On June 3, 2002 and again on June 28, 2002, Chester made demand upon Essante for immediate payment on all checks, pursuant to U.C.A. § 7-15. Despite this demand for payment, Essante has failed to honor these checks. (See "June 28, 2002 Letter," attached hereto as Exhibit "I.")

28.    As a result of the termination from Essante, Chester has been forced to look for similar work elsewhere. On or about July 30, 2002, Chester received notice from a potential employer that slanderous and defamatory information was posted on the "internet" at a site identified as "www.artchester.com". On information and belief, this was posted by Mike Austin at the request of Essante or Sonia Falcone. This posting has caused Chester embarrassment and emotional distress, and has hampered his ability to seek similar employment. (See "Website," attached hereto as Exhibit "J.")

29.    As a result of his termination, Arthur Chester has been forced to look for similar employment elsewhere. Arthur Chester has submitted resumes to several companies, and has personally contacted individuals who may be able to assist him in finding employment.

30.    One individual so contacted by Arthur Chester was Peter H. Thomas, an acquaintance of Arthur Chester and, upon information and belief, a friend of Sonia Falcone.

31. In early June, 2002, and shortly after his termination from Essante, Arthur Chester contacted Peter Thomas about a future business enterprise. Peter Thomas verbally expressed interest in the proposal, and the parties commenced a period of negotiation in June, 2002.

32. In late June, 2002, Peter Thomas ceased communications with Arthur Chester. The business deal proposed by Arthur Chester never came to a fruition as a result of the refusal of Peter Thomas.

33. Sam Kalannik, a former employee of Essante, and, upon information and belief, a friend of both Sonia Falcone and Peter Thomas has stated to Arthur Chester that the reason Peter Thomas withdrew from negotiations was because of comments made to Peter Thomas by Sonia Falcone.

34. Upon information and belief, Sonia Falcone told Peter Thomas:

   a. That Arthur Chester is a "drunk," and incapable of performing his business responsibilities as a result of this drunkenness.

   b. That Arthur Chester is a "womanizer."

   c. That Arthur Chester mismanaged Essante, resulting in the failure or alleged pending failure of Essante.

35. Arthur Chester has no drinking problem, and never has had a drinking problem. Arthur Chester has never been diagnosed or treated for alcoholism.

36. Arthur Chester is not a "womanizer."

-9-

37.    Arthur Chester did not mismanage Essante. During the time Arthur Chester worked for

Essante, the company had substantial growth in both revenues and profits. Since his

departure, and upon information and belief, these revenues and profits have fallen since

the time of Arthur Chester's termination from Essante.

## COUNT I
### (Breach of Contract - Essante - Termination)

38.    Plaintiffs reallege and incorporates by reference paragraphs 1 through 37 above as if set

forth fully herein.

39.    Pursuant to the Agreement entered into by the parties, the "Corporation may terminate this

Agreement by giving the Consultant sixty (60) days written notice or in lieu of written

notice by paying the Consultant a consulting fee equivalent to sixty (60) days of consulting

as determined pursuant to Section 1.5 hereof." (Exhibit "A," article 4.1)

40.    Essante is in breach of this provision, in that they failed to give sixty (60) days written

notice, and have failed to compensate Chester in an amount equal to sixty (60) days of

Chester's consulting fee.

41.    Chester's consulting fee, pursuant to Section 1.5 of the Agreement, is $15,416.66 per

month.

42.    As a result of Essante's breach, Chester has been damaged in the amount of $30,833.33,

plus interest, costs, and all attorney's fees incurred in bringing this action.

## COUNT II
### (Breach of Contract - Essante - Severance)

-10-

43. Plaintiffs reallege and incorporates by reference paragraphs 1 through 42 above as if set forth fully herein.

44. Essante renewed the parties Agreement, in writing, and as evidenced by the Letters attached as Exhibit "C."

45. In addition, and at all times relevant herein, the parties conducted themselves in conformity with the Agreement. Chester's salary, responsibilities, and benefits never deviated from the terms of the Agreement during his employment with Essante.

46. In addition, in November, 2001, Essante approached Chester with an Amended Agreement, which specifically set forth that it was to "amend and restate" the original 1999 Agreement. Such an "amendment" would only be necessary if Essante considered the 1999 Agreement still to be in force and effect.

47. In addition, Chester stated to the President of Essante and its attorneys that the 1999 Agreement was still in force and effect. Essante failed to respond to these statements, and until the time of termination, made no indication whatsoever that the 1999 Agreement was no longer binding. Chester relied upon this failure of Essante to respond in choosing to continue his employment with Essante.

48. As a result of this breach, Chester has been damaged in the amount of $200,000.00, plus an amount equal to 1% of the wholesale sales of Essante, less discounts, returns, and sales tax, for a period of three (3) years from the date of termination. It is not presently known what amount maybe owing for the 1% of sales.

49.   Wherefore, Chester is entitled to a judgment against Essante in the amount of $200,000.00,
plus interest, costs, and all attorney's fees incurred in bringing this action. In addition,
Chester is entitled to an Order of this Court that Essante document all sales pursuant to
Article 4.2 of the Agreement, and compensate Chester accordingly for a period of three
(3) years from termination, or until June 3, 2005.

## COUNT III
### (Breach of Contract - Pierre Falcone - Severance)

50.   Plaintiffs reallege and incorporates by reference paragraphs 1 through 49 above as if set
forth fully herein.

51.   Essante renewed the parties Agreement, in writing, and as evidenced by the Letters
attached as Exhibit "C."

52.   In addition, and at all times relevant herein, the parties conducted themselves in conformity
with the Agreement. Chester's salary, responsibilities, and benefits never deviated from
the terms of the Agreement during his employment with Essante.

53.   In addition, in November, 2001, Essante approached Chester with an Amended
Agreement, which specifically set forth that it was to "amend and restate" the original
1999 Agreement. Such an "amendment" would only be necessary if Essante considered
the 1999 Agreement still to be in force and effect.

54.   In addition, Chester stated to the President of Essante and its attorneys that the 1999
Agreement was still in force and effect. Essante failed to respond to these statements, and
until the time of termination, made no indication whatsoever that the 1999 Agreement was

-12-

no longer binding. Chester relied upon this failure of Essante to respond in choosing to continue his employment with Essante.

55. Pursuant to article 4.2 of the Agreement (Exhibit "A"), "the principal of the Corporation, namely Pierre J. Falcone, shall personally guarantee the $200,000.00 cash payment to the Consultant at the time of termination of this Agreement.

56. Wherefore, Chester is entitled to a judgment against Pierre Falcone in the amount of $200,000.00, plus interest, costs, and all attorney's fees incurred in bringing this action.

## COUNT IV
### (U.C.A. § 7-15 - Essante)

57. Plaintiffs reallege and incorporates by reference paragraphs 1 through 54 above as if set forth fully herein.

58. Essante tendered to Chester three (3) checks as salary compensation.

59. Essante has failed to honor these checks, despite demand by Chester to do so.

60. More than thirty (30) days have passed since written demand was made of Essante for payment, and Essante has failed to respond to this demand in any way.

61. Pursuant to U.C.A. § 7-15-1, Essante is liable to Chester for the amount of the checks, interest, all costs of collection, and damages equal to $500.00 per check.

62. Wherefore, Essante is liable to Chester in the amount of $23,124.99 for the amounts of the three (3) checks, interest and costs of collections, and damages in the amount of $500.00 per check, or $1,500.00 total.

## COUNT V

**(Libel - Essante/Mike Austin/John Does 1-10)**

63. Plaintiffs reallege and incorporates by reference paragraphs 1 through 62 above, as if set forth fully herein.

64. On or about July 30, 2001, and upon information and belief, Essante published or caused its agents to publish and post a website whose address was "www.artchester.com." On information and belief, the individual who posted the website is Mike Austin, a distributor of Essante.

65. In the alternative, John Does 1-10 published and posted a website whose address was "www.artchester.com."

66. In relevant part, this website contained a grotesque picture, alleged to be the "inner self" of Arthur Chester. In addition, the site states that Arthur Chester is a "waste of space" and a "raging alcoholic." Finally, the website makes reference to more information about Arthur Chester "coming soon."

67. This website has been seen by Arthur Chester, his family, his friends, and finally potential employers. Arthur Chester received actual notice of the posting as a result of a potential employer informing him of its existence.

68. Arthur Chester has suffered emotional distress, embarrassment, and injury to his reputation as a result of the actions of Defendants.

69. The actions of defendants are libelous per se, and are afforded no protection under the law.

70. As a result of the actions of defendants, Arthur Chester has been damaged in an amount not less than $5,000,000.00.

-14-

## COUNT VI
### (Defamation - Essante/Mike Austin/John Does 1-10)

71. Plaintiffs reallege and incorporates by reference paragraphs 1 through 70 above, as if set forth fully herein.

72. On or about July 30, 2001, and upon information and belief, Essante published or caused its agents to publish and post a website whose address was "www.artchester.com." On information and belief, the individual who posted the website is Mike Austin, a distributor of Essante.

73. In the alternative, John Does 1-10 published and posted a website whose address was "www.artchester.com."

74. In relevant part, this website contained a grotesque picture, alleged to be the "inner self" of Arthur Chester. In addition, the site states that Arthur Chester is a "waste of space" and a "raging alcoholic." Finally, the website makes reference to more information about Arthur Chester "coming soon."

75. This website has been seen by Arthur Chester, his family, his friends, and finally potential employers. Arthur Chester received actual notice of the posting as a result of a potential employer informing him of its existence.

76. Arthur Chester has suffered emotional distress, embarrassment, and injury to his reputation as a result of the actions of Defendants.

77. The actions of defendants are defamatory, and are afforded no protection under the law.

78. As a result of the actions of defendants, Arthur Chester has been damaged in an amount

not less than $5,000,000.00.

## COUNT VII
### (Slander - Sonia Falcone)

79. Plaintiffs reallege and incorporates by reference paragraphs 1 through 78 above, as if set forth fully herein.

80. On information and belief, since Chester's termination from Essante, Sonia Falcone has engaged in a willful and intentional pattern of conduct designed to disparage Arthur Chester for the purpose damaging his reputation, causing him personal embarrassment, and damaging his economic relations.

81. On information and belief, Sonia Falcone has made oral representations to numerous individuals, including those set forth herein and others currently unknown to Arthur Chester, wherein she has made defamatory statements about Arthur Chester's business acumen, his honesty and integrity, his fitness for employment, and his alleged abuse of alcohol.

82. These statements were made for the purpose of causing Arthur Chester personal and economic harm. These statements are not privileged.

83. As a result of the actions of Sonia Falcone, and upon information and belief, Arthur Chester has lost business and professional opportunities, thereby depriving him of he ability to secure employment.

84. As a result of the actions of Sonia Falcone, Arthur Chester has been damaged in an amount to be determined at trial, plus an award of all costs and fees incurred in bringing this

action.

## COUNT VIII
### (Intentional Interference with Business Relations - Sonia Falcone)

85.  Plaintiffs reallege and incorporates by reference paragraphs 1 through 84 above, as if set
forth fully herein.

86.  Subsequent to his termination for Essante, Arthur Chester contacted friends and
acquaintances about securing new employment. In June, 2002, Arthur Chester commenced
negotiations with Peter Thomas about such employment. Arthur Chester approached Peter
Thomas with a business plan and proposal, which plan Peter Thomas expressed a high
level of interest in.

87.  The parties engaged in a period of negotiations, which did break down in July, 2002.

88.  On information and belief, the reason for this breakdown in the relationship between
Arthur Chester and Peter Thomas was comments made by Sonia Falcone to Peter Thomas.
Namely, and upon information and belief, Sonia Falcone told Thomas that Arthur Chester
was an alcoholic, had mismanaged Essante, and was generally a poor businessman that
Peter Thomas should not enter into a business relation with.

89.  On information and belief, and as a result of the actions of Sonia Falcone, the business
opportunity which Arthur Chester has a reasonable expectation would come to fruition was
not realized.

90.  Upon information and belief, Peter Thomas pursued the business opportunity originally
brought to him by Arthur Chester with an individual named "Mike Perog." But for the

actions of Sonia Falcone, Arthur Chester would have enjoyed this business opportunity with Peter Thomas, and would have been able to secure income for himself.

91.   As a result of the actions of Sonia Falcone, Arthur Chester has been damaged in an amount to be determined at trial, plus an award of all costs and fees incurred in bringing this action.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1.   On Count I, for judgment against Essante in the amount of $30,833.33, plus interest, costs, and all attorney's fees incurred in bringing this action.

2.   On Count II, for judgment against Essante in the amount of $200,000.00, plus interest, costs and all attorney's fees incurred in bringing this action.  In addition, for an Order of this Court requiring Essante to provide an accounting of all sales until June 3, 2005, and to reimburse Chester pursuant to Article 4.2

3.   On Count III, for judgment against Pierre Falcone in the amount of $200,000.00, plus interest, costs, and all attorney's fees incurred in bringing this action.

4.   On Count IV, for judgment against Essante in the amount of $24,624.99, plus interest, costs, and all attorney's fees incurred in bringing this action.

5.   On Count V, for judgment against Essante, Mike Austin and/or John Does 1-10, jointly and severally, in the amount of $5,000,000.00.

6.   On Count VI, for judgment against Essante, Miek Austin and/or John Does 1-10, jointly and severally, in the amount of $5,000,000.00.

7.    On Count VII, for judgment against Sonia Falcone in an amount to be determined at trial, plus an award of all costs and fees incurred in bringing this action.

8.    On Count VIII, for judgment against Sonia Falcone in an amount to be determined at trial, plus an award of all costs and fees incurred in bringing this action.

9.    For such other and further relief as the Court deems just and appropriate under the circumstances.

DATED this 12 day of August, 2002.

Joseph R. Goodman, Jr.
Attorney for Plaintiff

```
Plaintiff's Address:
855 Rocky Mouth Lane
Draper, UT  84020
```

-19-

# VERIFICATION

On this ___7___ day of August, 2002, Arthur Chester appeared before me, under oath, and

asserts that the information set forth in the Verified Complaint is true and accurate to the best of his

knowledge.

_____

Arthur Chester

_____

NOTARY PUBLIC

Notary Public
CELIA T. JACOBSON
10985 South State
Sandy, Utah 84070
My Commission Expires
February 25, 2006
State of Utah

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.